UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONIQUE DINGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-00950 (RCL) |
| v. ) | Related Case: *Monique Dingle v. D.C.,* |
| ) | 06-00331 (RCL) |
| ) | |
| MAURICE SCOTT, *et al.* ) | |
| Defendants. ) | |
| _____) | |

DEFENDANTS SCOTT'S, OLIVER'S AND EMERMAN'S
RESPONSE TO PLAINTIFF'S RESPONSE TO THE COURT'S
JUNE 23, 2006 ORDER REGARDING SERVICE

Within ten (10) days of this Court's June 23, 2006 order regarding service, the Plaintiff was required to file proof of service of the Defendants or a status memorandum indicating all steps taken to effect service.  On June 29, 2006, Plaintiff filed its response to the Court's order. The response, through Plaintiff's counsel, suggests that her numerous attempts at service were thwarted by Undersigned Counsel.  According to Plaintiff, Plaintiff then was forced to attempt to obtain waivers of service.   The Defendants know of no attempt on Plaintiff's part to effect lawful service of process.  Instead, Plaintiff committed the early stages of this litigation to avoiding Plaintiff's service obligations at the expense of the Defendants' individual rights.

The instant complaint was filed on May 19, 2006.  On or about May 23, 2006, Plaintiff, through counsel, insisted on Undersigned Counsel's acceptance of service for the individual Defendants ("individuals").   Undersigned counsel advised Plaintiff that she could and would not accept service on behalf of the individuals and denied Plaintiff's claim that she represented

them.[1] Undersigned Counsel alerted Plaintiff that, at the point the individuals were served, they might request representation from the Office of the Attorney General ("OAG"), the OAG might agree to such a request and Undersigned Counsel might be assigned to handle the representation. Undersigned Counsel understood Plaintiff's request to be aimed at avoiding the cost and effort of effecting proper service.

After Undersigned Counsel declined to accept service on behalf of the individuals, Plaintiff requested Undersigned Counsel to accept waivers of service for the individuals. This request was made on or about May 24, 2006. According to Plaintiff, Undersigned Counsel represented the individuals and, therefore, owed them the duty to ensure they received and responded to the waiver request so they would not be charged with the cost of service. Undersigned again denied that she represented the individuals, and declined Plaintiff's request. Undersigned counsel also advised Plaintiff, through counsel, that she should attempt service of the individuals, or obtain waivers of service, in accord with the rules.

On or about May 31, 2006, without any prior notice to or discussion with Undersigned Counsel and on about the date the Court issued its discovery order, Plaintiff noted depositions in Monique Dingle v. District of Columbia, *et al*., CA-06-00331. That action contains allegations against certain "unnamed" officers that are the same allegations as those lodged against the named Defendants in this action.[2] Notably, the witnesses to be deposed also included named Defendants in this action.

Undersigned Counsel alerted Plaintiff, through her counsel, that she was unable to attend the deposition on such short notice and could not produce the employee witnesses on such short

---

[1] Undersigned counsel is counsel of record in the related litigation. None of the defendants in this action are defendants in the related litigation.

[2] In fact, Plaintiff proffers that she only filed the instant action to ensure the statute of limitations for filing against the alleged offending officers, who she had not identified in the first complaint, did not expire.

notice.[3]  Undersigned counsel also inquired whether the witnesses had been subpoenaed. The Plaintiff did not respond to this query and did not do anything to secure that or a later deposition date.  Plaintiff's actions caused Undersigned Counsel to conclude that the notice of deposition was aimed at securing service in the instant action.

Undersigned counsel now represents three defendants in this action.  Representation was obtained at the request of each Defendant.[4]  These requests followed their receipt of the instant complaint and an attached waiver of service.  These documents were left on a date not known to the Defendants at their places of business.  They were discovered by accident, or on incidental notice from colleagues.  There is no evidence that the documents were mailed, first class, and none were personally served or directed to the Defendants.  In fact, all three waivers of service were addressed to each Defendant at 300 Indiana Avenue, N.W., Washington, D.C.  The waivers of service were dated May 31, 2006 although actually discovered on substantially later dates:  Maurice Scott on June 12, 2006; Sgt. Emerman on June 5, 2006, and Nancy Oliver on June 12, 2006.  None of the defendants have waived service of process.

In conclusion, the Defendants have not been served in this action and decline any request for Undersigned Counsel, or any other person, to accept service on their behalves.  However, they will not evade service and will entertain requests for waivers of service when the requests are directed to them, delivered via first-class mail or other reliable means to them, and that, otherwise, are presented in accord with the rules of this Court.[5]  See, Fed. R. Civ. P. 4(d)(2)(A)-(G).[6]

---

[3]  The District, with timely notice and where reasonable, routinely facilitates the attendance of District of Columbia employees at depositions in District cases.  In this case, the deposition was noted for less than a week before the deposition date.

[4]  Undersigned counsel does not represent any other defendant at this time.  The other defendants, on information and belief, also have not been served.

[5]  Defendants note that waiver of service is appropriately directed at defendants who decline to cooperate in good faith service efforts, who reside in areas not easily reached by process servers, or can only be served at

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

_____

Nicole L. Lynch  [471953]
Section Chief
General Litigation, Section II
Civil Litigation Division

_____

Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6602

---

substantial and unreasonable expense.  See, Fed. R. Civ. P. Advisory Notes.   In this instance, the Defendants have not engaged in any furtive behavior aimed at effecting proper service.  The Plaintiff, however, has not made any good faith service attempts and simply is trying to forego the reasonable costs of litigation.

[6]     The defendants reserve the right to move to dismiss this action for insufficient or untimely service, and/or challenge any future claims regarding waiver of service issues.

Case 1:06-cv-00950-RCL  Document 7  Filed 06/30/2006  Page 5 of 5