UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONIQUE DINGLE** | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-00950 |
| v. | : | |
| | : | (RCL) |
| **MAURICE SCOTT, et al.** | : | |
| Defendants. | : | |

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

Plaintiff Monique Dingle, by and through undersigned counsel, hereby respectfully moves the Court for a sixty (60) day extension of the current deadline for service of process and the filing of affidavits of service applicable under Rule 4 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff respectfully states that extensive good faith efforts have been made to serve the Defendants in this case, however, effective service has not yet been made. The current deadline to perfect service is September 16, 2006.

This is Plaintiff's first request for an extension of time to serve Defendants and no further requests are anticipated. Plaintiff's Counsel attempted to receive the consent of Defense Counsel for the relief requested in this motion, however, at the time of the filing of this motion, Plaintiff's Counsel had not been informed of the Defendants' position.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

In further support, Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiff respectfully requests that this Motion be granted and that the Plaintiff be given an additional sixty (60) days up to and including November 15, 2006 to perfect service of the Defendants in this matter.

        Respectfully submitted,

        REGAN ZAMBRI & LONG, PLLC

By:     /s/
Patrick M. Regan    #336107
Paul Cornoni    #489398
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
*Counsel for Plaintiff*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONIQUE DINGLE** | : | |
| Plaintiff, | : | |
| | : | **Civil Action No. 06-00950** |
| v. | : | |
| | : | **(RCL)** |
| **MAURICE SCOTT, et al.** | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

Plaintiff Monique Dingle, by and through undersigned counsel, hereby respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion for Extension of Time to Serve Defendants in the above matter. In support thereof, the Plaintiff respectfully states as follows:

1. The Complaint in this case was filed on May 19, 2006 and involves allegations against Defendants stemming from alleged police misconduct which occurred on May 8, 2005 and May 23, 2005 which caused serious injuries to the Plaintiff. According to Rule 4 of the Federal Rules of Civil Procedure, the deadline to perfect service in this matter is September 16, 2006.

2. Plaintiff has previously filed a lawsuit against separate Defendants, *Monique Dingle v. District of Columbia, et, al.,* Civil Action Number 06-331, which also involves allegations stemming from the May 8th and May 23rd events. With respect to case number 06-331, Plaintiff has properly served Defendants District of Columbia

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

and Sean Moore, and these Defendants have answered Plaintiff's Complaint and a discovery schedule has been entered.

3. Defendants filed their Answer in Civil Action Number 06-331 on May 5, 2006. Since the filing of Defendants' Answer, Plaintiff's Counsel has been informed of the names of additional police officers who were involved in the afore-mentioned incidents. Plaintiff received this information on the eve of the potential expiration of the one-year statute of limitations. For this reason, out of an abundance of caution, Plaintiff's counsel elected to file a separate action as opposed to filing a Motion for Leave to Amend the Complaint in Civil Action Number 06-331.

4. Since filing the instant action on May 19, 2006, Plaintiff's counsel has made numerous attempts to serve the Defendants in this matter. Plaintiff's counsel has requested Defense counsel, Julie Steptoe Lee, who informed Plaintiff's Counsel that she will be representing all Defendants in this litigation, to accept service on behalf of the Defendants. Ms. Lee informed Plaintiff's counsel that she is unable and/or unwilling to accept service for the Defendants in this matter.[1]

5. Subsequently, Plaintiff's counsel sent a Notice of Lawsuit and Request for Waiver of Service of Summons to each Defendant in this matter pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The Notice of Lawsuit and Request for Waiver of Service of Summons were sent to each Defendant on May 31, 2006, twelve days after this Complaint had been filed. (See Exh. A, Notice of Lawsuit and Request for Waiver

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

---

[1] Recently, Ms. Lee withdrew as Counsel for Defendants District of Columbia and Sean Moore and has since been replaced by James Vricos.

of Service of Summons dated May 31, 2006)

6. Pursuant to the rules of this Court, the Defendants had thirty days from May 31, 2006 to inform Plaintiff as to whether each Defendant will waive formal service of the Summons. The thirty-day deadline expired on June 30, 2006. It appears that the Defendants have not waived formal service of the Summons in this matter. More specifically, Defense Counsel has acknowledged that Defendants Maurice Scott, Stuart Emerman and Nancy Oliver received Plaintiff's Notice of Lawsuit but are unwilling to waive service in this matter. (See Exhibit C, Defts' Response to this Court's June 23, 2006 Order at unnumbered p. 3).

7. On June 30, 2006, Plaintiff retained Jim Binsted, a private process server, to perfect service in this matter. Mr. Binsted is an extremely well qualified process server with over twenty-six (26) years of experience. Mr. Binsted has made repeated attempts to serve the Defendants in this matter. Mr. Binsted's numerous efforts are detailed in his affidavit which is attached hereto as Exhibit B. Despite said efforts, Plaintiff has not yet served Defendants Maurice Scott, Stuart Emerman, Brian Anderson and James Anderson. To date, Plaintiff has properly served Defendants Nancy Oliver and David Anderson. It is Mr. Binsted's professional opinion that the aforementioned Defendants are avoiding and/or evading service in this matter. (See Exh. B) This opinion is bolstered by the fact that the Defendants have acknowledged receiving Plaintiff's Notice of Lawsuit. (See Exh. C) Mr. Binsted's also stated that it is his professional opinion that he will be able to properly serve the aforementioned

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

Defendants if given an additional time period of sixty (60) days.

8.    Plaintiff requests an additional sixty (60) days to perfect service in this matter.  This is Plaintiff's first request for an extension of time to serve Defendants and no further requests are anticipated.

## LEGAL ANALYSIS

Plaintiff has properly stated sufficient grounds for an extension of time to serve Defendants.  The preliminary inquiry to be made under Rule 4(m) is whether the Plaintiff has shown good cause for the failure to timely effect service.  See Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000).  "If good cause if shown, the [Plaintiff] is entitled to a mandatory extension of time."  Id. at 912.  Here, Plaintiff has demonstrated good cause for the failure to timely effect service.  Plaintiff has made numerous efforts to serve the Defendants in this case.  Such efforts, include but do not exclude, the mailing of the Notice of Lawsuit and Request for Waiver of Service of Summons to each Defendant as well as the hiring of a private process server.

Mr. Binsted made several attempts to serve the Defendants in this matter as detailed in Exhibit B.  Mr. Binsted has made a number of trips to the Defendants' place of employment (Third District Station) to serve the Defendants.  Mr. Binsted has also placed several telephone calls to coordinate meetings with the Defendants and/or their superiors, to perfect service in this matter.  Notably, it is Mr. Binsted's professional opinion based upon over twenty-six (26) years as a private process server that the Defendants are avoiding or evading service of process.  This opinion is bolstered by the

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

fact that the Defendants have acknowledged receiving Plaintiff's Notice of Lawsuit. (See Exh. C) Plaintiff has clearly demonstrated "good cause" for the failure to timely effect service.

Lastly, assuming arguendo against the weight of the evidence presented to this Court that the Plaintiff has not established "good cause", the court may still-in its discretion grant Plaintiff's Motion. See Henderson v. United States, 517 U.S. 654, 658 n. 5, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir.2005) (citing cases); Wilson v. Prudential Fin., 332 F.Supp.2d 83, 89-90 (D.D.C.2004).

When a plaintiff cannot show good cause, the court should consider and balance the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant has actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff, i.e., cause the plaintiff's suit to be time-barred by the statute of limitations; and (5) whether the plaintiff has made diligent, good faith efforts to effect proper service of process. See Spencer v. Steinman, 968 F.Supp. 1011, 1014-15 (E.D.Pa.1997) (citing cases).

All of these five factors weigh in favor of Plaintiff. First, Plaintiff is only seeking a modest extension of time to perfect service. Second, Defendants cannot cite any form of prejudice as a result of Plaintiff's request. Third, it appears that the

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Defendants in fact have actual notice of the lawsuit.  See Exhibits A, B and C.  Fourth, the statute of limitations has run in this matter and the denial of Plaintiff's motion would in effect be a dismissal against the non-served Defendants.  Finally, Plaintiff has made diligent, good faith efforts to effect proper service of process in this matter as identified in this motion and in Exhibits A, B and C.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Motion be granted and that the Plaintiff be given an additional sixty (60) days up to and including November 15, 2006 to perfect service on the Defendants in this matter.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC

By: _____/s/_____
Patrick M. Regan        #336107
Paul Cornoni            #489398
1919 M Street, NW, Suite 350
Washington, DC  20036
PH: (202) 463-3030
*Counsel for Plaintiff*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## CERTIFICATE OF ELECTRONIC FILING

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Motion for Extension of Time to Serve Defendants was electronically filed in the United States District Court for the District of Columbia and served via ECF as well as first class mail, postage prepaid, this 6th day of September, 2006 to:

James Vricos
Senior Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC  20001
PH:     (202) 724-6600
FAX:    (202) 724-3635
*Counsel for Defendants*

Maurice Scott
300 Indiana Avenue, NW
Washington, DC 20001

Stuart Emerman
300 Indiana Avenue, NW
Washington, DC 20001

Brian Anderson
300 Indiana Avenue, NW
Washington, DC 20001

James Anderson
300 Indiana Avenue, NW
Washington, DC 20001

/s/
Patrick M. Regan

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONIQUE DINGLE** | : |
| **Plaintiff,** | : |
| | : **Civil Action No. 06-950** |
| v. | : |
| | : **(RCL)** |
| **MAURICE SCOTT, <u>et al</u>.** | : |
| **Defendants.** | : |

### ORDER

Upon consideration of Plaintiff's Motion for Extension of Time to Serve Defendants it is this _____ day of _____, 2006;

ORDERED that Plaintiff's Motion is Granted, and it is

FURTHER ORDERED that Plaintiff shall have until November 15, 2006 to serve the Defendants in this matter.

_____
The Honorable Royce C. Lamberth
Judge

cc:

Patrick M. Regan, Esquire
Paul Cornoni, Esquire
Regan Zambri & Long, PLLC
1919 M Street, NW, Suite 350
Washington, DC 20036

Regan Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 11 -

James Vricos
Senior Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC  20001
PH:   (202) 724-6602
FAX: (202) 724-3635
*Counsel for Defendants*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030